UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THOMAS KOZICKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-17-CV-350 |
| ) | |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## **OPINION AND ORDER**

Plaintiff Thomas Kozicki brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying Plaintiff's application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. The parties have consented to the jurisdiction of a United States Magistrate Judge. Upon review of the administrative record (Doc. No. 11, hereinafter "R. _"), and the arguments and authorities submitted by the parties, the Court affirms the Commissioner's decision.

PROCEDURAL HISTORY AND ADMINISTRATIVE DECISION

Plaintiff protectively filed his DIB application on August 19, 2013, alleging a disability onset date of August 1, 2011. R. 24, 182-88. Following denial of his application initially and on reconsideration, a hearing was held before an Administrative Law Judge ("ALJ") on August 11, 2015. R. 41-67, 96-100, 110-112. In addition to Plaintiff, a vocational expert ("VE") testified at the hearing. R. 62-64. The ALJ issued an unfavorable decision on September 9, 2015. R. 21-35.

1

As relevant here, the Commissioner uses a five-step sequential evaluation process to determine entitlement to disability benefits. *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009); 20 C.F.R. § 404.1520. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of August 1, 2011. R. 26. At step two, the ALJ determined that Plaintiff had the severe medically determinable impairments of right-knee osteoarthritis, degenerative disc disease of the cervical and lumbar spine, asthma, and hearing loss in the left ear with mild hearing loss in the right ear. R. 26-27. At step three, the ALJ found that Plaintiff's condition did not meet or equal any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 27-28.

The ALJ next assessed Plaintiff's residual functional capacity ("RFC") based on all of his medically determinable impairments. R. 28-33. The ALJ found that Plaintiff had the RFC "to perform light work as defined in 20 CFR 404.1567(b)," except that Plaintiff

> can stand and walk 30 minutes at a time, up to 6 hours in an 8 hour day, and sit (at least) 6 hours in an 8 hour workday; [Plaintiff] can only occasionally balance, stoop, kneel, crouch, crawl, and climb ramps/stairs; [Plaintiff] cannot climb ladders, ropes, or scaffolds; [Plaintiff] should avoid exposure to fumes, odors, gases, poor ventilation, and respiratory irritants; [Plaintiff] would need to avoid loud work environments.

R. 28. At step four, the ALJ found that Plaintiff was unable to perform his past relevant work but had acquired work skills from his past work. R. 33-34; *see also* R. 63-64.

At step five, the ALJ considered whether there are jobs existing in significant numbers in the national economy that Plaintiff—in view of his age, education, work experience, and RFC—could perform. R. 34. Relying upon the VE's testimony, the ALJ

concluded that Plaintiff could perform light, semiskilled occupations such as mobile lounge driver and rental-car deliverer, as well as the light, unskilled occupation of office helper. R. 34; *see* R. 63-64. Therefore, the ALJ determined that Plaintiff had not been disabled within the meaning of the Social Security Act during the relevant time period. R. 35.

Plaintiff's request for review by the SSA Appeals Council was denied, and the unfavorable determination of the ALJ stands as the Commissioner's final decision. *See* R. 1-6; 20 C.F.R. § 404.981.

STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether factual findings are supported by substantial evidence in the record as a whole and whether correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (internal quotation marks omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004) (internal quotation marks omitted). The court "meticulously examine[s] the record as a whole," including any evidence "that may undercut or detract from the ALJ's findings," "to determine if the substantiality test has been met." *Wall*, 561 F.3d at 1052 (internal quotation marks omitted). While a reviewing court considers whether the Commissioner followed applicable rules of law in weighing particular types of evidence in disability

cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

ANALYSIS

Plaintiff argues that a disparity exists between the RFC assessed by the ALJ and the medical opinion reached by Gregory Zeiders, DO: namely, that the ALJ assessed that Plaintiff could perform a limited range of light work, which generally requires the ability to lift 20 pounds, but Dr. Zeiders opined that Plaintiff could lift only five pounds. *See* Pl.'s Br. (Doc. No. 14) at 2-3.[1] Plaintiff faults the ALJ for assigning Dr. Zeiders' opinion "significant" weight and then failing to explain the apparent rejection of the restrictions within that opinion. *Id*. at 4, 5.

A. *Relevant Record*

Plaintiff underwent a Worker's Compensation progress evaluation with Dr. Zeiders on August 3, 2011. R. 413-15. After conducting a physical examination of Plaintiff, Dr. Zeiders noted an impression of "[q]uestionable chondromalacia with sprain/strain to the knee and associated work related meniscal pathology." R. 414. Dr. Zeiders found certain work restrictions to apply "at this time," including that Plaintiff lift no more than five pounds, push and pull no more than 20 pounds, and not crawl, kneel, squat, or climb ladders. R. 414.

---

[1] With the exception of the administrative record, references to the parties' filings use the page numbers assigned by the Court's ECF system.

B. *Applicable Legal Standard*

The record reflects that Dr. Zeiders examined Plaintiff on a single occasion and therefore is an examining, not a treating, source. *See* 20 C.F.R. § 404.1502 (2015) ("We will not consider an acceptable medical source to be your treating source if your relationship with the source is not based on your medical need for treatment or evaluation, but solely on your need to obtain a report in support of your claim for disability."). The ALJ was required to "evaluate," "consider," "address," and weigh Dr. Zeiders' opinion. *See* 20 C.F.R. § 404.1527(c); SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). However, "[t]he opinion of an examining physician is generally entitled to less weight than that of a treating physician." *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004).

C. *Discussion*

The ALJ's written decision reflects that he properly evaluated Dr. Zeiders' opinion and properly explained that evaluation. The ALJ stated that he was assigning the opinion "significant"—not controlling or substantial weight—because it was "fairly well-supported" by the other objective evidence in the record. R. 30. The ALJ noted that Dr. Zeiders' finding of work restrictions was qualified as applying to the time of examination. *See* R. 30 (noting that work restrictions were assessed "at this time"). Relevant to this qualification, the ALJ noted that Dr. Zeiders referred Plaintiff for a MRI scan but the record reflects no such scan having occurred. R. 30.

Further, the ALJ's written decision makes clear the reasoning underlying the ALJ's determination that Plaintiff can perform a range of light work and therefore makes clear any disagreement with the lifting restriction found by Dr. Zeiders. Aside from discussing

5

the qualified nature of Dr. Zeiders' work-restriction findings, the ALJ thoroughly discussed the remaining evidence, including the ALJ's only-partial acceptance of Plaintiff's subjective complaints and the findings of two consulting physicians that Plaintiff can perform light work. R. 32-33. The RFC was a determination properly made by the ALJ and one supported by substantial evidence. *See Chapo v. Astrue*, 682 F.3d 1285, 1290 (10th Cir. 2012) ("The ALJ, not a physician, is charged with determining a claimant's RFC from the medical record." (alteration and internal quotation marks omitted)); *see also Allman v. Colvin*, 813 F.3d 1326, 1333 (10th Cir. 2016) (indicating that the ALJ is in the best position to resolve conflicts in the evidence).

## CONCLUSION

For the foregoing reasons, the decision of the Commissioner is AFFIRMED. A separate judgment shall be entered.

DATED this 31st day of May, 2018.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE